IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:17CV245-GCM

| | | |
|---|---|---|
| WELLESLEY K. CLAYTON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| BANK OF NEW YORK MELLON | ) | |
| TRUST COMPANY N.A., *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

This matter is before the Court upon Defendants' Motion to Dismiss pursuant to Rules

12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure. A *Roseboro* notice was issued to

the *pro se* Plaintiff on June 19, 2017 and after securing from the Court an extension of time,

Plaintiff filed his response to the Motion to Dismiss. The Defendants have filed a Reply and this

matter is ripe for disposition.

I.      FACTUAL BACKGROUND

On or about May 21, 2004, Vashti F. Mitchell-Crooks executed a deed of trust on real

property located at 6801 Kinghurst Drive, Charlotte, (the "Property") to secure payment of a

promissory note. (the "Deed of Trust").[1] Thereafter, through various conveyances, the Plaintiff

obtained an interest in the Property individually, and later as trustee of WKFC-Trust. On

November 3, 2016, after a default in the payment under the note and deed of trust, the Clerk of

---

[1] Defendants have attached the Deed of Trust, other deeds, and court orders to their motion. These exhibits are all public records of which the Court may take judicial notice without converting the motion into one for summary judgment. *See Clark v. BASF Salaried Employees' Pension Plan*, 329 F. Supp. 2d 694, 697 (W.D.N.C. 2004).

Superior Court of Mecklenburg County entered an Order Permitting Foreclosure on the Property by the Bank of New York (the "Clerk's Order"). The Clerk's Order specifically found: (1) the Bank of New York is "the holder of said promissory note;" (2) "the balance due on said promissory note constitutes a valid debt;" (3) the note and deed of trust are in default; and (4) "the noteholder has the right to have the deed of trust foreclosed under the power of sale contained therein." The Clerk's Order was not appealed, but the Plaintiff filed an improper motion to stay the foreclosure sale in connection with the foreclosure proceeding, which the Mecklenburg County Superior Court found was improperly before it and denied.

Plaintiff filed a voluntary petition for relief under Chapter 13 of the United States Bankruptcy Code with the United States Bankruptcy Court for the Western District of North Carolina (the "Bankruptcy Court"), thus, initiating case number 16-31978 (the "First Bankruptcy Case"). On December 13, 2016, the Bankruptcy Court entered an Order dismissing the First Bankruptcy Case.

A foreclosure sale of the Property was conducted on January 6, 2017. Subsequently, on January 25, 2017, Plaintiff filed another Chapter 13 bankruptcy case, case number 17-30115 (the "Second Bankruptcy Case") which was also dismissed on May 12, 2017. Notably, the Bankruptcy Court barred the Plaintiff from filing another bankruptcy case for 180 days without an attorney. Plaintiff filed his Amended Complaint in this Court on May 8, 2017, seeking to set aside the foreclosure sale, alleging, *inter alia*, it was wrongful because it was subject to the automatic stay in bankruptcy.

Defendants argue that the federal claim in the Amended Complaint does not state a claim for relief and, therefore, must be dismissed with prejudice pursuant to Rule 12(b)(6). Further, Defendants contend that the Court lacks subject matter jurisdiction to decide the remaining non-

federal claims and, therefore, the remaining claims must also be dismissed pursuant to Rule 12(b)(1).

## II. DISCUSSION

To survive a motion to dismiss, the plaintiff must make factual allegations which "raise a right to relief above the speculative level" and plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 545-47 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). The court must view the complaint in the light most favorable to the plaintiff and take the plaintiff's allegations as true. *Randall v. United States*, 30 F.3d 518, 522 (4th Cir. 1994). The Fourth Circuit requires district courts to construe *pro se* complaints liberally to ensure that valid claims do not fail for lack of legal specificity. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978).

Ensuring that form does not trump substance also requires courts to "look beyond the face of the complaint to allegations made in any additional materials filed by the plaintiff" to determine whether a *pro se* plaintiff can survive a motion to dismiss. *Garrett v. Elko*, 1997 WL 457667, at *1 (4th Cir. 1997) (per curiam) (referencing *Gordon*, 574 F.2d at 1149-51). However, this liberal construction need not extend to outright advocacy for the *pro se* plaintiff. *Gordon*, 574 F.2d at 1151. *Pro se* plaintiffs, with the assistance of the district court's lenient eye, must still present more than a "formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555 (internal citations omitted). Like plaintiffs who are represented by counsel, a *pro se* plaintiff must still "allege facts sufficient to state all the elements of [the] claim." *Bass v. E.I. Dupont de Nemours & Co.,* 324 F.3d 761, 765 (4th Cir. 2003). In light of *Twombly* and *Bass*, conclusory statements with insufficient factual allegations, even when asserted by *pro se* plaintiffs, will simply not suffice.

A motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1) tests the

Court's "statutory or constitutional power to adjudicate a case." *Steel Co. v. Citizens for a Better*

*Environment*, 523 U.S. 83, 89 (1998). The Plaintiff bears the burden of proving subject matter

jurisdiction. *Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir. 1982).

The Amended Complaint first asks this Court to find that the foreclosure on the Property

was wrongful because the Property was subject to the automatic stay in bankruptcy. Plaintiff

filed his First Bankruptcy Case on December 9, 2016, and the Bankruptcy Court dismissed the

case on December 13, 2016. The dismissal of the bankruptcy case terminates the automatic stay.

*See* 11 U.S.C. § 362(c)(2)(B). Since the automatic stay terminated on December 13, 2016, the

foreclosure sale on January 6, 2017 was not in violation of the automatic stay. The Second

Bankruptcy Case was not filed until January 25, 2017, after the foreclosure sale had already

taken place. Accordingly, the automatic stay was not in effect on January 6, 2017. As a matter of

law, Plaintiff has not asserted any legally supported basis under which the automatic stay in

bankruptcy could have invalidated the foreclosure sale. Accordingly, Plaintiff's cause of action

for violation of the automatic stay must be dismissed.

The remaining causes of action found in the Amended Complaint constitute various

arguments against the foreclosure sale, such as that the Defendants have not produced the

original note, that the Defendants do not have standing to foreclose, and that the lien on the

Property is not proper because no UCC Financing Statement was filed. None of these claims are

federal claims.[2] Even if these non-federal claims were within the supplemental jurisdiction of

---

[2] At the end of the Amended Complaint the Plaintiff includes a reference to the Fifth and Sixth Amendments to the United States Constitution. (*See* Am. Compl. at 3.) This conclusory statement is not sufficient to meet the 12(b)(6) pleading standard. *Ashcroft*, 129 S. Ct. 1937, 1949-50. Moreover, the reference to these amendments does not state a cause of action because "[i]t is axiomatic that the strictures of the Fifth Amendment apply only to the actions of the federal government and not to those of private persons." *Miller v. Indiana Hospital*, 562 F. Supp. 1259, 1275 (W.D. Penn. 1983) (citing *Public Utilities Comm'n v. Pollak*, 343 U.S. 451, 461 (1952)). Similarly, the text of the Sixth Amendment confines its scope to criminal prosecutions. *See Texas v. Cobb*, 532 U.S. 162, 173 n. 3 (2001). Since the

the Court, the Court "may decline to exercise supplemental jurisdiction over a claim" if the Court

"has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3).

In addition to the foregoing, the *Rooker-Feldman* doctrine prohibits federal district

courts from exercising jurisdiction over "cases brought by state court losers complaining of

injuries caused by state-court judgments rendered before the district court proceedings

commenced and inviting district court review and rejection of those arguments." *See Dalenko v.*

*Stephens*, 917 F. Supp. 2d 535, 546 (E.D.N.C. 2013) (quoting *Exxon Mobil Corp. v. Saudi Basic*

*Indus.*, 544 U.S. 280, 284 (2005)). "A claim seeking redress for an injury caused by the state-

court decision itself – even if the basis of the claim was not asserted in state court – asks the

federal court to conduct a review of the state court decision," and therefore, is barred. *Id.*

(quoting *Davani v. Virginia Dept. of Transp.*, 434 F.3d 712, 718-19 (4th Cir. 2006)).

The *Rooker-Feldman* doctrine applies to issues actually presented and decided by a state

court, and "also issues that are 'inextricably intertwined'" with questions ruled on by a state

court." *Brumby v. Deutsche Bank Nat'l Trust Co.*, No. 1:09CV144, 2010 WL 617368, at *2

(M.D.N.C. Feb. 17, 2010). A claim is inextricably intertwined with a state court decision where,

"in order to grant the federal plaintiff the relief sought, the federal court must determine that the

state court judgment was erroneously entered or must take action that would render the judgment

ineffectual." *Id.* (internal quotations and citations omitted). "The *Rooker-Feldman* doctrine is

particularly relevant when there is a means of appeal provided by the state." *Echols v. Branch*

*Banking & Trust*, No. 2:14-CV-40-FL, 2015 WL 5737569, at *10 (E.D.N.C. Aug. 21, 2015).

Here, the *Rooker-Feldman* doctrine operates to bar Plaintiff's claims. First, Plaintiff's

Complaint seeks to set aside the foreclosure sale and prevent the rightful owner of the Property

---

Defendants are not the federal government, the Fifth Amendment does not apply, and since this civil action is not a
criminal prosecution, the Sixth Amendment does not apply.

from its right to possession of the Property. The Plaintiff necessarily lost in the state court action when the Clerk's Order was entered allowing foreclosure of the Property and the Order Denying Motion to Stay was entered. Now Plaintiff complains of the Clerk's Order and foreclosure sale. Second, Plaintiff expressly seeks to remedy the alleged injuries caused by the Clerk's Order and the subsequent foreclosure sale. Third, the Clerk's Order was entered on November 3, 2016, and the Order Denying Motion to Stay was entered on or about December 8, 2016, both well before Plaintiff's filing of the instant action. Finally, Plaintiff raises arguments which were specifically addressed in the Clerk's Order and is clearly seeking to attack the validity of that judgment. Specifically, the Clerk's Order found (1) The Bank of New York is "the holder of said promissory note;" (2) "the balance due on said promissory note constitutes a valid debt;" (3) the note and deed of trust are in default; and (4) "the noteholder has the right to have the deed of trust foreclosed under the power of sale contained therein." The arguments raised by the Plaintiff in the Complaint have all been addressed by the Clerk's Order and now Plaintiff seeks a more favorable ruling in this Court.

Moreover, to the extent the arguments made in Plaintiff's Complaint were not specifically addressed in state court, they are inextricably intertwined such that the *Rooker-Feldman* doctrine applies to bar his claims. The remedies sought by Plaintiff in each argument would require the Clerk's Order to be set aside as they all relate to whether the Defendants had a right to foreclose the Property. In sum, Plaintiff seeks to have this Court review and overturn the Clerk's Order.

Accordingly, the Court finds that Plaintiff's Complaint must be dismissed with prejudice, as the claims are barred by the *Rooker-Feldman* doctrine. *See Walker v. SGB Corp.*, No. 3:15-cv-

00607-RJC-DCK, 2016 WL 2988985 (W.D.N.C. May 23, 2016) (dismissing complaint relating to foreclosure proceedings on *Rooker-Feldman* grounds).

   IT IS THEREFORE ORDERED that Defendants' Motion to Dismiss is hereby GRANTED and this case is hereby dismissed with prejudice.

Signed: September 21, 2017

Graham C. Mullen
United States District Judge